# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**ELDRIDGE JOHNSON**                                                               **PETITIONER**

**versus**                                                   **CIVIL ACTION NO. 2:12cv95-KS-MTP**

**STATE OF MISSISSIPPI**                                                     **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Motion to Dismiss for Failure to Exhaust [11] filed by the Respondent. Having considered the submissions of the parties, the record in this matter, and the applicable law, the undersigned is of the opinion that Respondent's Motion to Dismiss for Failure to Exhaust [11] should be granted and that Petitioner's Petition for Writ of Habeas Corpus [1] should be dismissed without prejudice. The undersigned further recommends that Petitioner's Motion [14] for Order Showing Judgment is Held in Abeyance be denied.

## FACTUAL BACKGROUND

On or about November 7, 2008, *pro se* petitioner Eldridge Johnson pleaded guilty to false pretense in the Circuit Court of Forrest County, Mississippi (Cause No. 08-144CR), and was sentenced to a term of ten years in the custody of the Mississippi Department of Corrections (MDOC). The order further stated

> The Defendant shall serve two (2) years in the custody of the [MDOC's] Intensive Supervision House Arrest Program. Should the Defendant fail to successfully complete the service of said two (2) year(s) in the Intensive House Arrest Program, then this Court directs that the Defendant shall serve the entire ten (10) year sentence with the [MDOC] in the Department's general population. Should the Defendant successfully complete the service of said two (2) year(s) in the Intensive House Arrest Program, the remaining eight (8) years of his ten (10) year sentence be and the same are hereby suspended pursuant to and in conformity with the Post-Release Supervision set out and authorized in Miss. Code Ann. § 47-7-34 (1972), as amended, and Defendant shall be placed on Post-Release Supervision . . . .

*See* Ex. A to Motion to Dismiss [11-1]. Petitioner is no longer incarcerated but remains on supervised probation.

Petitioner subsequently appeared before the MDOC's classification committee on the allegation that he violated the terms of his Intensive Supervision House Arrest Program (ISP). The MDOC classification committee informed Petitioner that "per order of the [circuit court] he was to serve the entire ten ... years [sic] sentence in the [MDOC]." *Johnson v. State*, 77 So. 3d 1152, 1153 (Miss. Ct. App. 2012) (en banc).

On or about December 3, 2009, Petitioner filed a "motion to correct/modify sentencing order" in the Forrest County Circuit Court alleging that the circuit court impermissibly required that he complete the ISP as a condition of his term of post-release supervision. *See Johnson*, 77 So. 3d at 1153. The circuit court treated the motion as a motion for post-conviction collateral relief and on August 26, 2010, summarily dismissed the motion. The court reasoned that it lacked jurisdiction to afford Petitioner any relief as the authority to reclassify an inmate from house arrest was within the exclusive jurisdiction of the MDOC. The court further stated that the order of conviction did not require Petitioner to complete the ISP as a condition of probation or post-release supervision. *See* Ex. B to Motion to Dismiss [11-2].

Petitioner appealed the circuit court's denial of relief, and on January 17, 2012, the Mississippi Court of Appeals reversed the judgment of the Forrest County Circuit Court, finding that, "Based on the circuit court's failure to retain sentencing jurisdiction pursuant to section 47–7–47, its implied attempt to impermissibly delegate its authority to suspend part of Johnson's ten-year sentence, and the fact that Johnson did not have a revocation hearing, the circuit court's sentence is impermissibly indeterminate." *Johnson,* 77 So. 3d at 157. The court remanded the matter for further proceedings consistent with the court's opinion. *Id.*

On remand, the Forrest County Circuit Court ordered (in an Order signed and dated

February 27, 2012, and stamped as "filed" on July 13, 2012) that the "remaining years of the sentence imposed upon ELDRIDGE J. JOHNSON be and the same are hereby suspended for a period of three (3) years and he shall be placed on Post-Release Supervision as set out and authorized in Miss. Code Ann. § 47-7-34(1972), as amended. . . ." *See* Ex. D to Motion to Dismiss [11-4].

On or about March 9, 2012, (after the circuit court's modified sentencing order was signed but before it was stamp-filed) Petitioner filed a "Writ of Certiorari" with the Mississippi Supreme Court wherein he attempted to raise the claims contained in the instant federal petition.[1] *See* Ex. E to Motion to Dismiss [11-5]. On or about April 19, 2012, the Mississippi Supreme Court dismissed Petitioner's petition for writ of certiorari as untimely. *See* Ex. F to Motion to Dismiss [11-6]. Although it appears Petitioner was making arguments regarding the circuit court's modified sentence in his Writ of Certiorari (i.e., an apparent attempt to appeal the modified sentence order), the Mississippi Supreme Court considered it as a writ of certiorari regarding the Court of Appeals' January 17, 2012, decision. *Id.* Because the circuit court's modified sentence order was not filed of record until July 13, 2012, the Mississippi Supreme Court was not likely aware of the modified sentence.[2] Moreover, the court notes that Petitioner wrote the cause number (2010-CP-1335-COA) on his "Writ of Certiorari." *See* Ex. E to Motion to Dismiss [11-5].

Petitioner then filed a "Motion to Correct/Modify Petition; and Petition to Review the

---

[1]Specifically, he raised the two following grounds: 1) "Whether suspension and post release supervision are interchangeable mechanisms in the absence of a statute authorizing modification," and 2) "Whether a circuit court's failure to retain sentencing authority operated as an acquittal of that status, and to proceed would violate double jeopardy." *See* Ex. E to Motion to Dismiss [11-5].

[2]However, the court notes that Petitioner does reference the circuit court's modified sentencing order. *See* Ex. E to Motion to Dismiss [11-5].

3

Order of Circuit Court Decision on Remand" with the Mississippi Supreme Court, making clear his attempt to attack the modified sentencing order entered by the Forrest County Circuit Court, and not the Court of Appeals' January 17, 2012, decision. *See* Ex. G to Motion to Dismiss [11-7]. However, the Mississippi Supreme Court treated the motion as a motion for reconsideration and dismissed it by Order dated May 7, 2012, as not properly before the Court pursuant to M.R.A.P. 17(f). *See* Ex. H to Motion to Dismiss [11-8].

Respondent submits that the Forrest County Circuit Clerk's Office has confirmed that Petitioner has not filed any motions for post-conviction relief pursuant to Miss. Code Ann. § 99-39-1, *et.seq.*, challenging his modified sentence imposed by that court on remand. Motion [11] at 4.

Petitioner filed the instant federal habeas petition on or about June 4, 2012, raising the following grounds (as stated by Petitioner):

> **Ground One** - To modify a sentence once a case has been terminated violates the double jeopardy clause? That the opinion of the Miss. Ct. App. was mandated that the circuit court could not modify Johnson's sentence in the absence of a statute that authorizes it to do so. But the circuit court modified Johnson (sic) sentence to 3 yrs post-release supervision violating Johnson (sic) Fifth Amendment right under the Double Jeopardy Clause.
>
> **Ground Two** -Suspension and post-release supervision are not interchangeable in the absence of a statute that authorizes modification. (1) That there was a suspension of 8 years, at the initial sentence but the circuit court did not undertake provision of modifying its sentence pursuant to a statute that authorizes to do so. (2) Since it did not make such provision such suspension became a straight suspension and (3) It can not modify the suspended sentence to post release supervision because it loss [sic] P.R.S. status at the initial sentence.

Amended Petition [7] at 5-6. Petitioner seeks an order vacating his post-release supervision. The Respondent has moved to dismiss the instant petition based on Petitioner's failure to exhaust.

4

ANALYSIS

As Petitioner's habeas petition was filed after the effective date of The Antiterrorism and Effective Death Penalty Act ("AEDPA"), the AEDPA and case law interpreting it provide the standards under which the petition must be evaluated. *See Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003). As an initial matter, exhaustion of state remedies is a mandatory prerequisite to federal habeas relief under 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that–
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B)(i) there is an absence of available State corrective process; or
>        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>     . . . .
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Appellants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy the exhaustion requirement, a federal habeas applicant must generally present his claims to the state's highest court in a procedurally proper manner, and provide the state's highest court with a fair opportunity to pass on the claims. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997); *Carter v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982). Exhaustion results from the petitioner's pursuit of his claims through state courts either by direct appeal or by post-conviction proceedings. *See Orman v. Cain,* 228 F.3d 616, 619-20 & n.6 (5th Cir. 2000). Only after the Mississippi Supreme Court has been provided with a fair opportunity to review a

petitioner's claims in a procedurally proper manner can he be said to have satisfied the exhaustion requirement. The exhaustion requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *see also Nobles*, 127 F.3d at 420.

The court agrees with Respondent that the grounds presented in Petitioner's petition are unexhausted. Petitioner filed a "Writ of Certiorari" attempting to appeal or challenge the modified sentencing order entered by the Forrest County Circuit Court. However, there is no direct appeal of a guilty plea, even an appeal challenging an illegal sentence. *See* Miss. Code Ann. § 99-35-101 (2008); *Stokes v. Mississippi*, No. 3:11cv616–DPJ–FKB, 2012 WL 3150656, at *2 n.3 (S.D. Miss. July 3, 2012).[3] As Petitioner has not exhausted his state court remedies in a procedurally proper manner, he did not "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 845; *see also* 28 U.S.C.§ 2254(c) (stating that an applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented").

Although the claims in the instant habeas petition have not been exhausted, it appears Petitioner may have the right to seek post-conviction relief in state court under Miss. Code Ann. § 99-39-1 *et seq*.[4] The one-year federal statute of limitations, which requires petitioners to file

---

[3]Previously, the Mississippi Supreme Court recognized an exception to this prohibition, allowing an appeal within thirty days of the sentencing order when the issue concerned an allegedly illegal sentence. *See, e.g., Acker v. State*, 797 So. 2d 966 (Miss.2001). However, this exception has since been eliminated for guilty pleas taken after July 1, 2008. *See Seal v. State*, 38 So. 3d 635 (Miss. Ct. App. 2010). Petitioner pleaded guilty on November 7, 2008.

[4]Miss. Code Ann. § 99-39-5(2) provides that "A motion for relief under this article shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon

their federal habeas petitions within one year from the date their judgment becomes final, would be tolled during the pendency of any properly-filed motion for state post-conviction relief. *See* 28 U.S.C. § 2244(d)(2).[5]

In response to the Respondent's Motion to Dismiss [11], Petitioner argues that the grounds raised in his federal petition have merit. He further argues that because the circuit court violated his fundamental constitutional rights under the Fifth Amendment, "exhaustion becomes obsolete." Response [12] at 8. Petitioner further cites to *Butler v. Curry*, 528 F.3d 624 (9th Cir. 2008) in support of his argument that he is not required to exhaust the grounds raised in the instant petition. Response [12] at 8-9. The *Butler* case carries no precedential value and appears inapplicable to this case.[6]

While courts have discretion under certain "limited circumstances" to hold a habeas petition in abeyance while a petitioner exhausts his state court remedies, a stay is not appropriate unless there is good cause shown for the failure to exhaust, the "unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). Petitioner has made no showing of good cause for his failure to exhaust his state court remedies. *See McIntyre v. Quarterman*, No. 3-09-CV-0574-B, 2009 WL 1563516, at *3 (N.D. Tex. Jun. 2, 2009) (holding

---

by the Supreme Court of Mississippi . . . ."

[5]The court makes no findings on whether or not a future federal habeas petition would be timely.

[6]A Ninth Circuit opinion is not binding precedent in this court. Moreover, *Butler* is distinguishable from the instant case. In *Butler*, the court, in addressing the state's exhaustion argument, held that when a habeas petitioner raises a claim in state court that is later resolved in a Supreme Court case that announced no "new rule" of criminal procedure under the *Teague* retroactivity analysis, a petitioner is not required to return to state court to exhaust his remedies under that case. *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008).

7

that neither "pro se status, ignorance of the law, or limited access to the law library-constitutes 'good cause' for petitioner's failure to exhaust his state remedies"). Accordingly, a stay is inappropriate under the three-part test articulated in *Rhines*.

RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Respondent's Motion to Dismiss for Failure to Exhaust [11] should be granted and that Petitioner's Petition for Writ of Habeas Corpus [1] should be dismissed without prejudice. The undersigned further recommends that Petitioner's Motion [14] for Order Showing Judgment is Held in Abeyance be denied.

Petitioner should be advised that this recommendation in no way extends the applicable statute of limitations for the filing of a habeas petition, nor is the court expressing an opinion on the merits of any relief he may seek in such a petition.

NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 31st day of January, 2013.

                                            s/Michael T. Parker
                                            United States Magistrate Judge